UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



September 25, 2018

Vincent John Piazza
The Disability Law Center of Robert S. Piazza Jr.
6716 Harford Road
Baltimore, MD 21234

Jennifer Hope Stinnette
Social Security Administration
6401 Security Blvd. Rm. 617
Baltimore, MD 21235

    Subject: *Kelly v. Berryhill*[1]
              Civil No.: 8:17-cv-01597-GLS

Dear Counsel:

    Pending before this Court, by the parties' consent, are Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment. (ECF Nos. 14, 19). The Court must uphold the Social Security Administration ("SSA")'s decision if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. L.R. 105.6. For the reasons set forth below, Plaintiff's Motion is DENIED and Defendant's Motion is GRANTED. I am affirming the SSA's judgment.

    **I.    BACKGROUND**

    Plaintiff filed a Title II Application for Disability Insurance Benefits on January 3, 2013, alleging that disability began December 1, 2001. (Tr. 15). This claim was denied on April 16, 2013 and, upon reconsideration, denied again on August 15, 2013. *Id.* Plaintiff's request for a hearing was granted and the hearing was conducted on June 3, 2015 by Administrative Law Judge ("ALJ") Susan Maley. *Id.* During the hearing, Plaintiff, through her attorney, amended her alleged onset date to June 1, 2008. *Id.* The ALJ found that Plaintiff was not disabled under §§ 216(i) and 223(d) of the Social Security Act on January 7, 2016. (Tr. 31). The Appeals

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

Council denied Plaintiff's request for review on May 12, 2017. (Tr. 1–3). Pursuant to 42 U.S.C. § 405(g), Plaintiff has a right of review after the final decision of the Commissioner of Social Security made after a hearing to which she was a party and thus filed her claim in this Court on June 12, 2017. (ECF No. 1). The ALJ's opinion became the final and reviewable decision of the SSA. (Tr. 2).

The issue before this Court is not whether the claimant is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence. 42 U.S.C. § 405(g). Plaintiff argues first that the ALJ erred in the following ways: (1) determination of Plaintiff's Residual Function Capacity ("RFC") with regard to Plaintiff's mental limitations; (2) failure to comply with regulation regarding the submission of evidence; (3) assessment of Plaintiff's ability to work a full, eight-hour workday in light of Plaintiff's physical limitations; and (4) improper reliance on the Vocational Expert ("VE")'s testimony. (ECF No. 14-1 at 11–19). Defendant asserts that there is no genuine issue as to any material fact and that the SSA's final decision is supported by substantial evidence. (ECF No. 19 at 1).

## II. DISCUSSION

### A. RFC Determination

When assessing a claimant's RFC, the ALJ will consider all of the claimant's medically determinable impairments of which he is aware, including any medically determinable impairments that are not "severe." 20 C.F.R. 416.925(a)(2). The ALJ will consider any inconsistencies in the evidence and the extent to which there are any conflicts between a claimant's statements and the rest of the evidence. 20 C.F.R. 404.1529(c)(4). A claimant's symptoms will be determined to diminish her capacity for basic work activities to the extent that they are consistent with the objective medical evidence and other evidence. *Id.* An ALJ's RFC determination should include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." SSR 96–8p, 1996 WL 374184 (July 2, 1996). The ALJ should build "an accurate and logical bridge from the evidence to his conclusion." *Petry v. Comm'r, Soc. Sec. Admin.*, No. 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017).

### 1. The ALJ's Findings

The ALJ considered Plaintiff's medical records and the statements of Plaintiff herself and Plaintiff's friends and family when making the RFC determination. (Tr. 15–31). The ALJ concluded that Plaintiff had the RFC to "perform light work . . . except she was further limited as follows: occasionally climbing ramps or stairs (never ladders, ropes or scaffolds), balancing, stooping, kneeling, crouching and crawling; carrying out simple tasks in 2-hour incredments; having occasional interaction with coworkers and supervisors, but avoiding direct interaction with the general public; and adapting to simple changes in a routine work setting." (Tr. 20). The ALJ found that the underlying physical and mental impairments could reasonably be expected to produce the claimant's alleged symptoms, but that Plaintiff's statements concerning the intensity,

persistence and limiting effects of these symptoms were not entirely credible. (Tr. 26).

The ALJ concluded that Plaintiff's statements were not credible because of the following pieces of evidence that contradicted Plaintiff's testimony: (1) the ALJ's observations of Plaintiff during her hearing did not support Plaintiff's statements regarding the severity of her impairments; (2) State agency medical consultants' opinions on Plaintiff's functioning; (3) the opinion of Dr. Morrill; and (4) the opinion of Dr. Hicks. (Tr. 27–29). Fundamentally, the ALJ found that there was a "dearth of medical evidence" for the relevant time period between June 1, 2008 and June 30, 2008. *Id.*

Plaintiff claimed, for instance, that her mental condition remained the same since June 2008 and was still debilitating. (Tr. 26). But Plaintiff's doctors, the ALJ notes, report that Plaintiff has stabilized and has no problems with activities of daily living, "in stark contrast to the claimant's testimony that she can do practically nothing." *Id.* Then, Plaintiff herself admitted that her moods "were stable at this time." *Id.* Similarly, although Plaintiff claimed to be unable to follow conversations and will be forgetful during the same, the ALJ found Plaintiff was able to stay on track during the hearing, answered questions, and was even "able to remember, in detail, her mental and physical functioning around June 2008." (Tr. 26–27). Although the ALJ acknowledged that a hearing is a short time for observation, the ALJ concluded that the lack of discomfort or mental problems during the hearing was given some weight in her ultimate decision. (Tr. 27).

The ALJ also considered medical opinion evidence related to Plaintiff's alleged symptoms and assigned weight to each opinion. *Id.* The State agency consultants initially said there was insufficient evidence to conclude anything about Plaintiff's functioning. *Id.* After the submission of additional evidence, however, the State agency consultants opined that Plaintiff's mental impairments were nonsevere because they caused only mild functional limitations. *Id.* The ALJ gave this opinion little weight because she found additional evidence to support greater mental limitations. *Id.* The ALJ also assigned little weight to Dr. Morrill's opinion because it was inconsistent with the physician's own treatment records. *Id.* As an example, the ALJ noted that Dr. Morrill diagnosed joint pain in the pelvis and shoulder, but there was no evidence to support that opinion. *Id.*

Finally, the ALJ evaluated the opinion of Dr. Hicks. *Id.* at 28. The ALJ explained that not only did Dr. Hicks refuse to produce his actual treatment notes despite being served with a subpoena requesting the notes, he also only provided the ALJ with a "synthesis" that "does not specifically describe [Plaintiff's] mental status examination findings or functional limitations during the relevant time period." (Tr. 29). As a result, the ALJ assigned little weight to Dr. Hicks' opinion.

### 2. Analysis

Plaintiff contends that the ALJ failed to appropriately evaluate her RFC with regard to her mental limitations, but, as discussed above, the ALJ considered all of the evidence before her

before making her RFC determination. Namely, the ALJ evaluated medical opinion evidence, assigned weight, and gave the reasons for doing so, and evaluated the Plaintiff's statements and those from her friends and family. The ALJ found that the objective medical evidence was inconsistent with the medical opinions and statements of Plaintiff and friends and family, and further noted that there was little objective evidence in the record to satisfy Plaintiff's burden of proving disability. (Tr. 29).

With regard to the issued subpoena, it is Plaintiff's burden to demonstrate disability and produce the evidence in support of her claim. 20 C.F.R. § 404.1512(d). I find that the ALJ attempted to help Plaintiff to develop the record fully by issuing the subpoena to Dr. Hicks, but that Dr. Hicks stated, in relevant part, that Plaintiff expressed reluctance to produce all of the documents. *See* Tr. 28 (discussing the reasons Dr. Hicks refused to comply with the subpoena). I find that, given the fact that Plaintiff chose not to dispute Dr. Hicks' comment regarding her reluctance to produce the records, Plaintiff has not met her burden despite being given the opportunity to do so.

In sum, the Court holds that there is substantial evidence supporting the ALJ's RFC determination.

### B. Vocational Expert Testimony

Plaintiff also contends that the ALJ improperly relied on the VE's testimony because "the ALJ relied on [VE] testimony that identified the positions of inspector . . . and packer." (ECF No. 14-1 at 14). Plaintiffs avers that because each of these positions has a Dictionary of Occupational Titles ("DOT") reasoning code of "2," an individual such as Plaintiff limited to carrying out "simple" instructions could not perform these jobs. *Id.* at 15. Plaintiff asserts that the DOT reasoning code of 2 "requires the employee to apply a commonsense understanding to carryout **detailed** but uninvolved written or oral instructions." *Id.* (emphasis in original).

Defendant counters that: (1) only claimants limited to performing tasks with one-to-step instructions would not be able to perform jobs with reasoning code 2; (2) the VE here also identified the housekeeper position, which only has a reasoning code of 1; and (3) the United States District Court for the District of Maryland has found that reasoning levels of two are consistent with limitations to simple instructions and routine tasks. (ECF No. 19-1 at 11).

This Court has found that claimants with limitations to simple instructions can nevertheless perform jobs with DOT reasoning code 2. *See, e.g.*, *Davis v. Comm'r of Soc. Sec.*, No. 11-2779, 2013 WL 153594, at *2 (D. Md. Jan. 14, 2013) (rejecting a reliance on "lay interpretation of the DOT"). The ALJ's reliance on the VE's testimony was proper.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 11), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 12), is GRANTED.

*Kelly v. Berryhill*
GLS-17-01597
September 25, 2018
Page 5

Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                                                        Sincerely,

                                                        /s/
                                        The Honorable Gina L. Simms
                                        United States Magistrate Judge